UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  09-60304-CR-MOORE/SIMONTON

UNITED STATES,

    Plaintiff,

v.

CHARLES THERION CLAYTON,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S PRO SE MOTION
### TO REMOVE ATTORNEY OF RECORD
### AND
### DENYING WITHOUT PREJUDICE DEFENDANT'S
### PRO SE MOTION TO VACATE PLEA AGREEMENT

Presently pending before the Court is Defendant Clayton's *pro se* Motion to Remove Attorney of Record and to Vacate Plea Agreement (DE # 77).  This motion is referred to the undersigned Magistrate Judge (DE # 9).  Court-appointed counsel, Michael G. Smith, has not filed a Response to this motion, and the Government has also not responded, and the deadline for a response has passed.  Therefore, this motion is ripe for disposition.

Defendant Clayton contends that his court-appointed counsel, Mr. Smith, has not effectively represented him.  Clayton contends that Mr. Smith, like his previous attorneys, has not filed any motions pertaining to the legality or his arrest and/or detention.  Clayton further contends that Mr. Smith, like his previous attorneys, has not provided him with all the discovery in the case (DE # 77).

It is well-settled that an indigent defendant is not entitled to counsel of choice, and that a defendant's general loss of trust or confidence in his attorney, standing alone, is insufficient reason for substitution of appointed counsel.  *Morris v. Slappy*, 461 U.S. 1 (1983); *United States v. Garey*, 540 F.3d 1253, 1263-66 (11th Cir. 2008) (en banc); *Thomas*

*v. Wainwright*, 767 F.2d 738, 741-43 (11th Cir. 1985).  As stated by the Eleventh Circuit in *Garey,* 540 F.3d at 1263 (citations omitted):

> Although the Sixth Amendment guarantees counsel, it does not grant defendants the unqualified right to counsel of their choice.  An indigent criminal defendant "does not have a right to have a particular lawyer represent him, nor to demand a different appointed lawyer except for good cause."  Good cause in this context means a fundamental problem, "such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict ....."

In the case at bar, the undersigned Magistrate Judge finds that there is no basis to replace Mr. Smith.  The grounds asserted by Defendant Clayton are claims of general unhappiness.  The allegations by Defendant Clayton do not represent the sort of conflict for which new counsel should be appointed.  In sum, Defendant Clayton has failed to establish good cause for the appointment of substitute counsel.

In addition, Defendant Clayton's Pro Se Motion to Vacate Plea Agreement (DE # 77) is denied without prejudice.  Defendant is represented by counsel and, thus, may not file pro se motions.  *See, e.g., Cross v. United States*, 893 F.2d 1287, 1291-92 (11th Cir. 1990) (a defendant does not have a right to hybrid representation and the decision to allow a defendant to act as co-counsel rests in the sound discretion of the trial court).  Moreover, the issue raised in this motion was the subject of an evidentiary hearing and a Report and Recommendation which is pending before the District Judge.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that Defendant Clayton's *pro se* Motion to Remove Attorney of Record (DE # 77), is **DENIED**.  Mr. Smith shall continue to represent Defendant Clayton.  It is further

**ORDERED AND ADJUDGED** that Defendant Clayton's *pro se* Motion to Vacate

Plea Agreement (DE # 77), is **DENIED without prejudice.**

**DONE AND ORDERED** in chambers in Miami, Florida, on June 22, 2010.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies via CM/ECF to:
The Honorable K. Michael Moore,
  United States District Judge
All counsel of record
Charles Therion Clayton, *pro se*