IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60304-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CHARLES THERION CLAYTON,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Charles Therion Clayton's ("Clayton") Motion to Compel (dkt # 43) and Motion to Withdraw Plea of Guilty (dkt # 63), both of which seek to withdraw Clayton's guilty plea. Plaintiff filed a Response to the Motion to Compel (dkt # 40). THIS MATTER was referred to the Honorable Andrea M. Simonton, United States Magistrate Judge, who issued a Report (dkt # 76) recommending that the Motions be denied. Clayton filed an Objection (dkt # 79) to the Report. His counsel also filed an Objection (dkt # 80). The Government filed a Response to these Objections (dkt # 85).

UPON CONSIDERATION of the Motions, Report, Objections, and Responses, and after a de novo review of the record, the Court enters the following Order.

**I.     BACKGROUND**

Clayton is charged with one count for possession with intent to distribute over five hundred grams of substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1). Clayton pleaded guilty on January 11, 2010 (dkt # 38) pursuant to a signed plea agreement (dkt # 40). His sentencing was set for March 30, 2010 (dkt # 39). On March 5, 2010, Clayton, pro se, filed the present Motion to

Compel (dkt # 43), asking that he be able to withdraw his guilty plea on the basis of (1) his low education level, (2) lack of advice on the consequences of his plea, (3) lack of a speedy trial, (4) faulty discovery, (5) his being tricked into making an incriminating statement, (6) his being unaware that a parcel he signed for contained cocaine and his being misled into signing for that parcel, (7) his objection to his status as a career offender, (8) the upward departure of the sentencing guidelines never being explained to him, (9) his unknowingly waiving away his right to appeal, and (10) insufficient counsel. On March 16, 2010, the Government filed a Response.

On April 12, 2010, Clayton, through counsel, filed the present Motion to Withdraw Guilty Plea (dkt # 63), asking that he be able to withdraw his guilty plea on the basis of ineffective assistance of counsel on the basis of his attorney's failure to (1) adequately review his case, (2) adequately apprise Clayton of the facts and law involved, (3) properly advise Clayton of the impact of a pleading guilty, (4) adequately review discovery, (5) conduct a defense investigation, (6) move to suppress pre-trial statements, (7) meet with defendant the weekend before trial, (8) adequately explain the sentencing guidelines or the career criminal enhancement, and (9) review the plea colloquy. This Motion incorporated the grounds in the prior pro se motion.

On May 4, 2010, Magistrate Judge Simonton held an evidentiary hearing (dkt # 67) regarding these motions. At that hearing, she heard testimony from Clayton and his prior attorneys. On May 28, 2010, she issued a Report and Recommendation stating that the Motion should be denied because she found that the testimony of Clayton's prior attorneys was credible, Clayton's testimony was not, and that the "guilty plea was knowingly and voluntarily made, with the full, close and effective assistance of counsel." Report & Recommendation (dkt # 76), at 25, 38-42. On June 8, 2010, Clayton, pro se, filed Objections (dkt # 79) to the Report alleging (1) racial bias, (2) his speedy trial

right has been violated, (3) his requests for discovery are incomplete, (4) the indictment was invalid, (5) lack of <u>Miranda</u> warnings, (6) ineffective assistance of counsel, (7) his lack of career of career offender status, and (8) violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments.  On June 9, 2010, Clayton's Counsel filed additional Objections (dkt # 80).  These Objections requested a de novo hearing on credibility, and argued that Magistrate Judge Simonton failed to adequately credit Clayton's testimony.  On June 24, 2010, the Government filed a Response (dkt # 85).

## II.     ANALYSIS

> When a party objects to the findings contained in a magistrate judge's report and recommendation, the district court must conduct a de novo review of those findings. 28 U.S.C. § 636(b)(1). When objections are made to findings which the magistrate judge made based upon the testimony of witnesses, we require the district court 'to review the transcript or listen to the tape-recording of those proceedings.'

<u>Willis v. United States</u>, 346 F. App'x 404, 406 (11th Cir. 2009) (quoting <u>LoConte v. Dugger</u>, 847 F.2d 745, 750 (11th Cir. 1988)).  This Court, having read the transcript of the hearing before Magistrate Judge Simonton, the original plea colloquy before this Court, and all other documents relevant to these Motions, adopts the findings of fact and conclusions of law in Magistrate Judge Simonton's thoroughly reasoned Report and Recommendation.  To the extent that Clayton's Objections go beyond the scope of the issues raised at the evidentiary hearing, the Court declines to consider them, as "allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."  See <u>Williams v. McNeil</u>, 557 F.3d 1287, 1292 (11 Cir. 2009) (citation omitted).  Even if the Court were to address these new theories, the Court would find them to be without merit.

III.   **CONCLUSION**

In light of the foregoing, it is

ORDERED AND ADJUDGED that Defendant Clayton's Motion to Compel (dkt # 43) and Motion to Withdraw Plea of Guilty (dkt # 63) are DENIED.  It is further

ORDERED AND ADJUDGED that Magistrate Judge Simonton's Report and Recommendation (dkt # 76) is ADOPTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd day of July, 2010.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record